O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHFIELD CHANG, | ) | NO. CV 10-2870-JFW (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER: DISMISSING PETITION |
| MATTHEW C. CATE, | ) | WITHOUT PREJUDICE; AND DENYING |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |

On April 19, 2010, Petitioner, a California prisoner, filed a habeas petition in this Court, pursuant to 28 U.S.C. § 2254, and lodged related documents (collectively, "Petition"). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted.[1] Therefore, the instant Petition must be dismissed without prejudice.

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); *see also* Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675-76 (1987).

1    Federal courts may not grant habeas relief to a person held in
2 state custody unless the petitioner has exhausted his available state
3 court remedies as to each of the issues presented.  28 U.S.C. §
4 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203
5 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We
6 may review the merits of Petitioner's habeas petition only if he
7 exhausted state court remedies.").  "[T]he exhaustion doctrine is
8 designed to give the state courts a full and fair opportunity to resolve
9 federal constitutional claims *before* these claims are presented to the
10 federal courts."  O'Sullivan v. Boeckerl, 526 U.S. 838, 845, 119 S. Ct.
11 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S.
12 27, 29, 124 S. Ct. 1347, 1349 (2004)(in order to give the State the
13 chance to pass upon and resolve violations of his federal rights, a
14 state prisoner must exhaust his available state remedies before seeking
15 federal habeas relief).  A state prisoner seeking relief with respect to
16 a California conviction or sentence is required to "fairly present" his
17 federal claims to the California Supreme Court.  *See id.* at 29, 124 S.
18 Ct. at 1349 (a state prisoner must fairly present his claim to a state
19 supreme court having the power of discretionary review); Keating v.
20 Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

22    Petitioner alleges that, on January 5, 2010, he filed a habeas
23 petition in the California Supreme Court raising his present claims
24 (Case No. S179246) and that this state high court petition is
25 "[p]resently pending."  (Petition at 5 and 14.)  Pursuant to Rule 201 of
26 the Federal Rules of Evidence, the Court has reviewed, and takes

judicial notice of, the electronic docket for Case No. S179246,[2] which shows that the habeas petition filed on January, 2010, remains pending. Because the California Supreme Court has not yet resolved Case No. S179246, the Petition is fully unexhausted, and Petitioner's request to invoke the stay and abeyance procedure cannot be granted.[3] Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner has not given the state high court a chance to rule on his sentencing claim alleged in the Petition and, thus, has failed to exhaust his available state court remedies.  Accordingly, the Petition must be dismissed without prejudice.  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.  Once Petitioner does properly exhaust his claim -- namely, once the California Supreme Court rules in Case No. S179246 -- he may file a *new* habeas petition in this Court.[4]

For the foregoing reasons, IT IS ORDERED that:  the Petition is

---

[2] Available at http://appellatecases.courtinfo.ca.gov.

[3] In addition, the Court notes that Ground Three of the Petition -- which attacks the restitution fine imposed on Petitioner -- is not cognizable.  See Bailey v. Hill, ___ F.3d ___, 2010 WL 1133435, *5-*6 (9th Cir. March 25, 2010).  Staying the Petition based on a claim that is not cognizable would be inappropriate.

[4] The Court advises Petitioner that he must be mindful of the **one-year statute of limitations for bringing federal habeas actions**. See 28 U.S.C. § 2254(d)(1).  In view of the one-year limitations period, **Petitioner is cautioned that he should proceed with diligence** in his exhaustion efforts and in returning to federal court, should he wish to pursue federal habeas relief.  **He further is advised that: the filing and pendency of this Petition does not toll the one-year limitations period, which continues to run; and any subsequent federal habeas petition he may file will be a new and separate habeas petition, which will not relate back to the filing date of the current Petition.**  The Court expresses no opinion on whether this Petition is timely or not, or whether any subsequent federal petition filed by Petitioner will be timely or time-barred.

1  dismissed without prejudice; and Judgment shall be entered dismissing
2  this action without prejudice for failure to exhaust available state
3  remedies.

5      In addition, pursuant to Rule 11(a) of the Rules Governing Section
6  2254 Cases in the United States District Courts, the Court has
7  considered whether a certificate of appealability is warranted in this
8  case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-
9  85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
10 certificate of appealability is unwarranted and, thus, is DENIED.

12 DATED: April 21, 2010.

                                         JOHN F. WALTER
                                         UNITED STATES DISTRICT JUDGE

15 PRESENTED BY:

   MARGARET A. NAGLE
18 UNITED STATES MAGISTRATE JUDGE